BARNS, PAUL D., Associate Judge.
The appellees, Colson and Frates, were petitioners in the court below and the appellant was respondent. The appellees petitioned for writs of habeas corpus which were granted. Upon the return to each writ, the appellant filed a motion to dismiss and an answer; testimony was taken and the appellees-petitioners were discharged; whereupon this appeal was prosecuted.
It appears that the appellees were arrested on July 14, 1959, at 3:00 a. m., for violation of several sections of an ordinance of the Town of Miami Springs, which acts, charged as a violation, occurred in the presence of the arresting police officer of the Town and within the corporate limits; that the petitioners had beaten *696 the officer and he had broken a billy over the head of one of the petitioners and had pistol whipped the other; that after the arrest, the petitioners were placed in an ambulance and taken to Jackson Memorial Hospital i-n the City of Miami for medical treatment; that the officer also needed medical treatment and he followed the ambulance to the hospital in the car of another officer; that after receiving treatment, the petitioners were returned to the police station in the Town and there “booked” with the violations of the Town’s ordinance. After being booked, they were released in the custody of William C. Lantaff. Their trial was scheduled for May 13, 1960, and Lantaff, for the purpose of writs of habeas corpus proceedings, surrendered the petitioners to the chief of police of the Town on May 12, 1960.
After receiving treatment at the hospital in Miami, the petitioners were returned by Metropolitan police officers of Dade County to the Town’s police station and booked. The arresting officer was not shown to have been present when they were taken from the hospital by the Metro police. The chain of circumstances which induced the Metro police to return the petitioners to the Town is not shown by direct evidence, but it is a reasonable inference of fact that they acted in the interest and at the behest of the Town’s police.
The position taken by the appellees is that they were permitted to leave the Town before they were booked on the charges for which they had been arrested. The record shows that they left the Town in the sense that they departed, but it also shows that they departed while under arrest, i. e., they were taken at the direction of the arresting officer. Appellees also take the position that they were illegally arrested by the Metro police at the hospital but it is a reasonable inference of fact that the taking into custody of the petitioners by the Metro police at the hospital was a continuation of the original arrest, and such action by the Metro police is not shown to be illegal. Their transportation beyond the Town’s geographical limits was while they were still under arrest and in the furtherance of an act of mercy, and such action did not operate as an absolution of their offenses or a dissolution of their arrests. There is no substantial affirmative evidence showing that the petitioners were at any time fully released from all restraints from the time of the initial arrests to the time when they were released into the custody of William C. Lantaff upon their return to the Town. Their detention was lawful.
The judgments appealed are reversed, and the causes remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
HORTON, C. J., and PEARSON, J., concur.