BARNS, PAUL D., Associate Judge
(concurring specially).
The appellees, severally, have filed motions to recall mandates to vacate judgments of reversal and to dismiss appeals. The motions should be denied for the reasons hereinafter stated. The foregoing, motions were filed in the cases of McDonald v. Frates (McDonald v. Colson), Fla.App., 127 So.2d 695.
The foregoing decisions became final on March 29, 1961 and upon petition to the Supreme Court for certiorari, the petitions were denied on June 7, 1961, 133 So.2d 325. In the meantime the mandates of this court to the lower court were issued on March 29, 1961.
Appellees’ motions are grounded on the premise that this court did not acquire jurisdiction since the appeals were from judgments in habeas corpus proceedings and no order allowing the appeal was granted. Each appellee bases his claim that such order is required as a statutory condition precedent because of section 79.11, Fla. Stat., F.S.A. (which is set forth in the footnote)[1], authorizing and directing, in habeas corpus proceeding, “the judge hearing the cause, or a justice of the supreme court” to “grant to any party or persons aggrieved by the judgment * * * a writ of error” returnable to the Supreme Court.
Before the 1956 amendment of Article V of the Constitution, section 5, F.S.A., thereof did not provide' the procedure for invoking the jurisdiction of the Supreme Court for purposes of review, but left such matters to the legislature and the Supreme Court; it simply provided that:
“The Supreme Court shall have appellate jurisdiction in all cases at law *776 and in equity originating in circuit courts, * *
Section 59.01(3) and (4) (Chapter 22854, Laws of Florida, 1945) provides:
“(3) Writ of error abolished: appeal substituted. Review in this state by writ of error is abolished. All relief heretofore obtainable by writ of error may hereafter be obtained by appeals as in equity.
“(4) Appeal as a matter of right. Appeals, except where otherwise expressly provided by law, shall be a matter of right. [Emphasis supplied].”
The first paragraph of section 5(3) of Article V of the Constitution as amended in 1956 provides:
“Jurisdiction. Appeals from trial courts in each appellate district, and from final orders or decrees of county judge’s courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court.” [Emphasis added].
It thus appears from the foregoing constitutional provision that appeals to the courts of appeal are a matter of right and as of course. The right seems to be absolute and unqualified except where an appeal may be taken- to the Supreme Court or a circuit court. There are no other conditions to the right specified. The exception clause in section 59.01(4), supra, is omitted from section 5 of Article V, supra.
If section 79.11, supra, is procedural, the exaction has been waived for the want of a timely objection; if the exaction is a statutory substantive exaction, it is in conflict with the first sentence of paragraph (3) of section 5 of Article V of the Constitution, supra, granting the privilege of an appeal as a matter of right, and is an impairment of a vested right granted by the Constitution. The statute must yield to the Constitution.
In State ex rel. Brister v. Brister, 1947, 158 Fla. 662, 29 So.2d 699, the Supreme Court held that leave to appeal was jurisdictional and dismissed the appeal for want of jurisdiction because no leave to appeal had been granted. If leave to appeal is jurisdictional under the amended Article V of the Constitution this court never obtained jurisdiction and our decision of reversal was a brutum fulmen and we should vacate it. The appellant’s right to appeal is absolute under the amended section 5 of Article V, supra, section 79.11, Fla.Stat., F.S.A. as construed by State ex rel. Brister v. Brister, supra, to the contrary, notwithstanding.
The motions of the appellees should be, severally, denied.

. “79.11 Writ of error to' judgment.
The judge hearing the cause, or a justice of the supreme court, shall grant to any party or persons aggrieved by the judgment, including the State of Florida, or any political subdivision thereof, or any officer of the State of Florida, or any county or municipality in said state, or any person, a •writ of error returnable to the next term of the supreme court, or to the court in term, if the writ is applied for during the session of the court, which writ shall be heard and determined as other cases; and the trial of such writs of error shall have preference in the supreme court over all other cases. And such writs of error shall be granted in criminal as well as in civil cases, and from the review of judgments and orders discharging persons from custody or arrest upon any criminal charge, as. well as orders committing or remanding any such person to custody; provided, however, that no such writ of error shall operate as a super-sedeas in any criminal case to an order or judgment discharging persons from custody.